David W. Tufts (SBN 180817)
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main, Suite 2400,
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
david.tufts@dentons.com

Jae Kyun Park (SBN 234474)
DENTONS US LLP
4655 Executive Drive, Ste 700
San Diego, CA 92121
Telephone: (619) 236-1414
Facsimile: (619) 232-8311
jae.park@dentons.com

Attorneys for Genasys Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENASYS INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VECTOR ACOUSTICS, LLC, a Delaware limited liability company; HERNAN FREDERICK LOPEZ, an individual; MARCEL NAUJOK, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:22-cv-00152-TWR-BLM<br><br>**PLAINTIFF GENASYS INC.'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE (DKT. 16-1)**<br><br>Date: **May 19, 2022**<br>Time: **1:30 p.m.**<br>Judge: **Hon. Todd W. Robinson**<br>Ctrm.: **3A, Room 3130**<br><br>Complaint Filed: **February 2, 2022**<br>Trial Date: **Not Set** |

Plaintiff Genasys Inc. ("Genasys") hereby requests leave to respond to the Supplemental Request for Judicial Notice, filed by Defendants Vector Acoustics, LLC and Hernan Frederick Lopez (Dkt. 16-1) ("Supplemental Request").[1]

**RESPONSE TO SUPPLEMENTAL REQUEST**

The Supplemental Notice is procedurally improper. Not only does it violate the Court's Local Rules ("[C]opies of **all documentary evidence** which the movant intends to submit in support of the motion, or other request for ruling by the Court, **must be served and filed with the motion**." (emphasis added)), but it also violates the Court's standing Order. (Standing Order, ¶ 3 ("Factual matters or legal arguments raised by a party for the first time in their reply brief, unless directly in response to the opposition, may not be considered.").) Defendants make no effort whatsoever in their Supplemental Request to explain how it directly responds to Genasys' opposition brief. And, indeed, the information that forms the basis of the Supplemental Notice is *consistent* with Genasys' position in the opposition brief. (*See* Dkt. 15 at 11 ("Genasys strategically and selectively discloses its prices . . . .").) With their Supplemental Request, Defendants materially prejudice Plaintiff's opportunity to present a complete opposition to the Motion by unilaterally submitting extrinsic evidence after the filing of Plaintiff's opposition memorandum. On this basis alone, the Supplemental Request should be denied and any evidence included therewith or referenced in Defendants' reply memorandum should be excluded.

The Supplemental Request is also substantively improper, and should be denied because it (1) perpetuates the evidentiary flaws contained in Defendants' initial request for Judicial Notice (Dkt. 11-2) ("Initial Request"); and (2) directly contradicts purported pricing information referenced in the Initial Request, further demonstrating

---

[1] Defendants' Supplemental Request for Judicial Notice is in fact a *new* request for judicial notice, to which Genasys should be allowed to respond as a matter of right. The Ninth Circuit has recognized right of a party to respond to the propriety of taking judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing Fed. R. Evid. 201(e) and noting that the affected party in that case "should have been given some opportunity to respond to the propriety of taking judicial notice of the facts alleged therein.").

1

why this information is not the proper subject for a request for judicial notice. Like the Initial Request, the Supplemental Request should be denied.

Despite the myriad evidentiary flaws with the Initial Request that were addressed in Plaintiff's opposition memorandum—such as, Defendants' failure under Fed. R. Evid. 201 to identify a specific fact or facts for the Court to judicially notice; Defendants' failure to submit a declaration authenticating screenshots purportedly pulled from the internet; Defendants' failure to provide foundation or authentication for the highlighting included on the screenshots; and Defendants' inclusion of out of court statements offered to prove the truth of the matter asserted (i.e., that the pricing listed therein constitutes Genasys' pricing)[2]—Defendants defiantly commit these same errors in the Supplemental Request. Moreover, Defendants fail to provide support for factual statements, such as "[Local procurement requirements] exist to ensure that governments get the best pricing available" and "Sourcewell is a government agency that assists other government agencies (and others) to buy products at the most competitive prices." (Dkt. 16-1, 2.) Defendants' disregard for the Federal Rules of Evidence provides an additional basis for denying the Supplemental Request.[3]

Lastly, Defendants' multiple attempts to thrust their internet search results before the Court have resulted in what appears to be an unintentional crossing of

---

[2] *See Unicolors Inc. v. Connection 18 by Sicura et al.*, No. CV 15-03650-BRO, 2016 WL 11760221, at *2 (C.D. Cal. Aug. 15, 2016) ("Defendant offers these images, which are out-of-court statements, for the truth of the matter asserted—i.e., that the Atmosphere Design is not protectable because there are numerous similar designs that prove the Atmosphere Design is not original. No exception to the hearsay rule applies. Therefore, the Court will not consider these images.").

[3] Likewise, Defendants have again failed to identify any relevancy that the extrinsic evidence has to their Motion. Genasys has already acknowledged that it strategically and selectively discloses certain price and customer information (*see* Dkt. 1 at ¶ 27). Defendants provide no evidentiary support with their Supplemental Request that suggests the pricing information they append constitutes all or substantially all of Genasys' pricing information. *See Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.*, No. CV 17-5169-GW(FFMX), 2018 WL 2558388, at *5 (C.D. Cal. Feb. 27, 2018) ("The Court accepts that Cedars–Sinai publicly disclosed some information about its research of IBS diagnostic techniques, but cannot conclude, on a motion to dismiss, that Cedars–Sinai disclosed *everything* about its research in IBS diagnostics.") (emphasis in original).

wires. A cursory review of the purported pricing that Defendants append to their Supplement Request shows that the prices differ from the purported pricing that they included in their Initial Request. Given the disparity in their own filings, Defendants have clearly not identified facts that are appropriate for judicial notice. *See* Fed. R. Evid. 201 (b) ("The court may judicially notice a fact *that is not subject to reasonable dispute . . . .*" (emphasis added)).

Ultimately, if Genasys had truly disclosed all of its pricing information publically such that this Court could reasonably take judicial notice of that fact and further find definitively that such pricing information could not constitute a trade secret, there would, of course, be no need to file a supplemental request for judicial notice well after the filing of the opposition memorandum. The mere filing of the Supplemental Request provides further confirmation that the Initial Request was improper and that the Motion itself rests on a flawed argument. Defendants' Supplemental Request should be denied.

DATED: May 16, 2022

/s/  David W. Tufts

David W. Tufts, Esq.
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main, Suite 2400,
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Jae Kyun Park (SBN 234474)
DENTONS US LLP
4655 Executive Dr Ste 700
San Diego, CA 92121
Telephone: (619) 236-1414
Facsimile: (619) 232-8311

*Attorneys for Genasys Inc.*

US_Active\121515006\V-1