UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENASYS INC., a Delaware Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>VECTOR ACOUSTICS, LLC, a Delaware limited liability company; HERNAN FREDERICK LOPEZ, an individual; MARCEL NAUJOK, an individual; DOES 1 through 10,<br><br>                            Defendants. | Case No.: 22-CV-152 TWR (BLM)<br><br>**ORDER REQUESTING RESPONSES TO THE COURT'S TENTATIVE OPINION REGARDING THE MOTION TO COMPEL ARBITRATION FILED BY DEFENDANTS VECTOR ACOUSTICS, LLC AND HERNAN FREDERICK LOPEZ**<br><br>(ECF No. 28) |

      Defendants Vector Acoustics, LLC and Hernan Frederick Lopez filed a Motion to Compel Arbitration of Plaintiff Genasys Inc.'s breach of contract claim as it relates to the Separation and Release Agreement ("Separation Agreement") Plaintiff and Defendant Lopez signed at the termination of Lopez's employment with Plaintiff. (*See* ECF No. 28-1 at 6–8.) The Court held a hearing on this Motion, along with Defendants' other motions, on April 27, 2023. (*See* ECF No. 42.)

      The Court tentatively concludes that Plaintiff's breach of contract claim as it relates to the Separation Agreement should be arbitrated according to the Separation Agreement and the incorporated Mutual Agreement to Arbitrate ("MAA"). The Court is also

persuaded by Defendant Lopez's argument raised briefly in his Reply in Support of his Motion and discussed throughout the hearing that the Separation Agreement's integration clause subsumes the Proprietary Information and Inventions Agreement for Employees ("PIIA"), which Plaintiff also claims Defendant Lopez breached.  (*See* ECF No. 41 at 10.)

The Separation Agreement reminds Defendant Lopez of his continuing obligations to return all of Plaintiff's property and documents and notes that the Separation Agreement "constitutes the complete, final[,] and exclusive embodiment of the entire agreement between [Plaintiff] and [Defendant Lopez] with regard to the subject matter hereof." (ECF No. 22 at 59–60.)  In addition, a plain reading of the MAA shows that Plaintiff and Defendant Lopez agreed to arbitrate "any and all disputes or claims arising from or relating to [Lopez's] recruitment to or employment with [Plaintiff], or the termination of that employment" including claims for breach of contract. (ECF No. 38-1 at 6; ECF No. 38-2 at 9.)

Given Defendant Lopez's arguments, particularly at the hearing, and the Court's own reading of the Separation Agreement and MAA, the Court tentatively finds Plaintiff's breach of contract claim as it relates to *both* the PIIA and the Separation Agreement should be sent to arbitration.

At the hearing, Plaintiff's counsel noted Defendant Lopez's argument regarding the integration clause in the Separation Agreement was a new issue and his preference was to conduct further research prior to addressing it.  In fairness to Plaintiff, the Court requests responses from the Parties addressing the Court's tentative opinion.  Plaintiff and Defendant Lopez each **MAY FILE** a response no more than ten (10) pages <u>within seven (7) days of the date of this Order</u> addressing the Court's tentative opinion including the effect of the Separation Agreement's integration clause on the Court's determination

/ / /

/ / /

/ / /

/ / /

regarding arbitration as well as the MAA's language relating to disputes between the Parties including claims for breach of contract.

**IT IS SO ORDERED.**

Dated: May 24, 2023

_____
Honorable Todd W. Robinson
United States District Judge